FILED
March 04, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **VICTOR J. CRUZ TORRES,** § | |
| **TDCJ No. 02185629,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil No. SA-19-CA-01282-OLG |
| § | |
| **BOBBY LUMPKIN,[1] Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Victor J. Cruz Torres's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Bobby Lumpkin's Answer (ECF No. 8). Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I. Background**

In October 2016, Petitioner was indicted in Bexar County, Texas, on one count of aggravated assault with a deadly weapon alleged to have occurred on June 19, 2016. (ECF No. 9-2 at 11). Petitioner pled no contest to the offense and was sentenced to ten years of imprisonment pursuant to the terms of the plea bargain agreement. *State v. Torres*, No. 2016-CR-9470 (227th Dist. Ct., Bexar Cnty., Tex. Feb. 26, 2018); (ECF No. 9-2 at 149-50). Although

---

[1]   The previous named Respondent in this action was Lorie Davis. On August 10, 2020, Bobby Lumpkin succeeded Davis as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Lumpkin is automatically substituted as a party.

he waived the right to appeal as part of the plea bargain agreement, Petitioner nevertheless appealed his conviction to the Texas Fourth Court of Appeals. The appellate court dismissed the appeal pursuant to Texas Rule of Appellate Procedure 25.2(d) because Petitioner had no right to appeal. *Torres v. State*, No. 04-18-00150-CR, 2018 WL 2418438 (Tex. App.—San Antonio, May 30, 2018); (ECF No. 9-3). Petitioner did not seek further appellate review by filing a petition for discretionary review with the Texas Court of Criminal Appeals (TCCA).

Instead, Petitioner challenged his conviction by filing a state habeas corpus application which was eventually denied on the merits by the TCCA without written order on December 12, 2018. *Ex parte Torres*, No. 89,243-01 (Tex. Crim. App.); (ECF Nos. 9-5, 9-9 at 5-24). Ten months later, Petitioner placed the instant federal habeas petition in the prison mail system. (ECF No. 1 at 10). In the petition, Petitioner raises the same allegations that were rejected by the TCCA during his state habeas proceedings—namely, that (1) his trial counsel rendered ineffective assistance by failing to notify him that the terms of the plea deal had changed, thus rendering his plea involuntary, (2) his trial counsel rendered ineffective assistance by presenting him with the wrong plea deal, (3) his plea was involuntary as a result of being misled and incorrectly admonished, and (4) he was denied the right to self-representation.

## II.  Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was

based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, Petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

### III. <u>Analysis</u>

Pursuant to the plea bargain agreement, Petitioner judicially confessed to committing the offense for which he was indicted, acknowledged the range of punishment, and waived his right to a jury trial. (ECF No. 9-2 at 90-99). Nevertheless, Petitioner challenges the constitutionality of his conviction by arguing that his plea was involuntary (Claims 1-3) and that he was denied his right to self-representation (Claim 4). Because he voluntarily plead guilty to the conviction he is now challenging under § 2254, however, Petitioner waived the right to challenge all non-jurisdictional defects in his proceedings. Moreover, these allegations were rejected by the state court during Petitioner's state habeas proceedings. As discussed below, the state court's rejection of these claims was neither contrary to, nor an unreasonable application of, Supreme Court precedent. *Richter*, 562 U.S. at 101.

**A.     <u>Petitioner's Plea Was Voluntary</u>**

It is axiomatic that a guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (internal quotation marks omitted). And a plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *United States v. Juarez*, 672 F.3d 381, 385 (5th Cir. 2012).

The record in this case indicates Petitioner's plea was a voluntary and intelligent choice and not the result of any misrepresentation. To start, the voluntariness of Petitioner's plea is demonstrated by his signature on the "Court's Admonishment and Defendant's Waivers and Affidavit of Admonitions" and accompanying "Plea Bargain." (ECF No. 9-2 at 90-95). These documents demonstrate Petitioner was admonished as to the maximum punishment range for the second degree offense of aggravated assault with a deadly weapon (two to twenty years of imprisonment and up to $10,000 fine) but that Petitioner was to be assessed a ten-year sentence, a $1,500 fine, and the State would not make a recommendation on Petitioner's request for deferred adjudication or community supervision. *Id*.

Petitioner also made the following concessions in his plea agreement:

1. I have had my Constitutional and legal rights explained to me by my attorney, and have decided to waive my Constitutional right of trial by jury and enter this plea before the judge. I hereby request the consent and approval of the State's Attorney and of the Court to my waiver of trial by jury. I further represent to the Court as follows:

2. I am mentally competent now and was legally sane at the time that this offense was committed.

3. I have not been threatened, coerced or placed in fear by any person to induce me to enter my plea.

4. If I have a plea bargain agreement with the prosecutor, its terms are fully set forth in the attached document. I have received no promise from the prosecutor, my attorney or the Court which are not set forth in that document, and I realize that no one else would be empowered to make me any promises.

5. If I am pleading GUILTY, it is because I am guilty, and for no other reason. If my plea is one of NOLO CONTENDERE, it is because I have considered all aspects of my legal situation and discussed them with my attorney and have determined that the entry of such plea is in my own best interest.

      6.      If applicable, my attorney has explained to me the requirements and consequences of Chapter 62 of the Texas Code Of Criminal Procedure Sex Offender Registration Program.

      7.      I understand the Courts admonishments as contained in this waiver.

      8.      I am satisfied with the advice and representation of my attorney in this case.

*Id*. Petitioner's trial counsel signed the agreement after concluding that Petitioner had a rational and factual understanding of the pending charges against him and the rights he was waiving, and the trial court approved the agreement by stating Petitioner was mentally competent and his waiver was knowing, intelligent, and voluntary. *Id*.

In addition, Petitioner signed a "Waiver, Consent to Stipulation of Testimony and Stipulations" where Petitioner stated he knowingly and voluntarily agreed to waive his rights to confrontation and cross-examination of witnesses and admitted that the allegations contained in the indictment are true and correct. (ECF No. 9-2 at 95-99). Counsel for Petitioner again signed the waiver, stating that he discussed with Petitioner the rights he was waiving and indicating his belief that Petitioner "fully understands these rights and has intelligently and voluntarily waived these rights and entered into these agreements after due deliberation[.]" *Id*. The trial judge then gave his approval of the waiver, concluding:

> The Defendant having signed the Waiver, Consent to Stipulation of Testimony and Stipulations in open Court and under oath, the Court questioned both the Defendant and his Counsel and thereby became satisfied that the Defendant understands the rights which have been waived and therefore can be truly said to have voluntarily relinquished known rights. The Waiver, Consent to Stipulation of Testimony and Stipulations are approved and ORDERED filed in the papers of the cause.

*Id*.

Petitioner's signature on the guilty plea documents is *prima facie* proof of the validity of the pleas and is entitled to "great evidentiary weight." *Theriot v. Whitley*, 18 F.3d 311, 314 (5th

Cir. 1994); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)).  Petitioner's formal declarations in open court also carry "a strong presumption of verity" and constitute a formidable barrier to any subsequent collateral attack.  *United States v. Kayode*, 777 F.3d 719, 729 (5th Cir. 2014) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).  Because Petitioner has not provided any evidence or argument that would overcome these "strong presumptions of verity," this Court denies the allegations made by Petitioner concerning the validity of his guilty plea.  *Blackledge*, 431 U.S. at 74 (finding "[t]he subsequent presentation of conclusory allegations which are unsupported by specifics is subject to summary dismissal.").

**B.**     **Claim Waived by the Guilty Plea**

By entering a knowing, intelligent, and voluntary guilty plea, a defendant waives all non-jurisdictional defects preceding the plea.  *Tollett v. Henderson*, 411 U.S. 258, 265 (1973); *United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013).  As such, the only claims that survive a guilty plea are those implicating the validity of the plea itself.  *Tollett*, 411 U.S. at 267; *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000).  Here, Petitioner argues (in one sentence) that he was denied the right to represent himself at trial (Claim 4).  But Petitioner fails to provide any argument in support of his allegation, much less demonstrate how the allegation relates to the voluntariness of his guilty plea.  Accordingly, Petitioner's claim is waived by his knowing, voluntary, and intelligent guilty plea.  Moreover, Petitioner fails to demonstrate that the state court's rejection of his allegation during Petitioner's state habeas proceedings was either contrary to, or an unreasonable application of, clearly established federal law.  For these reasons, federal habeas relief is denied.

C.     **The Remaining Claims**

Petitioner does make certain allegations that, if successful, may implicate the voluntariness of his plea: that he received ineffective assistance from his trial counsel as a result of counsel's failure to notify him about a change in the plea deal. According to Petitioner, the original plea deal was for a cap of ten years but was changed to a straight ten-year deal on the day he signed the plea agreement. In three similar claims (Claims 1-3), Petitioner asserts that counsel's failure to inform him of the change rendered his plea involuntary. Again, a valid guilty plea waives all non-jurisdictional defects—including an IATC claim—unless the IATC claim goes to the voluntariness of the plea. *Smith*, 711 F.2d at 682. Thus, the Court considers Petitioner's IATC claims to the extent they may implicate the voluntariness of his plea. *Hill*, 474 U.S. at 56 (citing *Tollett*, 411 U.S. at 267).

The appropriate standard to evaluate the effectiveness of counsel with regard to a guilty plea is the familiar *Strickland* two-part test. *Hill*, 474 U.S. at 58 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Under *Strickland*, Petitioner must demonstrate (1) counsel's performance was deficient, and (2) this deficiency prejudiced his defense. 466 U.S. at 687-88, 690. To establish counsel's performance was deficient, a petitioner must first show his counsel's performance fell below "an objective standard of reasonableness." *Id*. at 688–89. But, in the context of a guilty plea, proving *Strickland*'s prejudice requirement turns "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S at 59. This means, "in a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error" and, instead, "would have insisted upon going to trial." *Armstead v. Scott*, 37 F.3d at 206 (citations omitted). This

8

assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id*.

Petitioner contends his plea was not entered into knowingly and voluntarily because his understanding of the plea bargain was for a cap of ten years, not a ten-year sentence. But as discussed previously, the plea agreement itself demonstrates Petitioner's awareness of the "relevant circumstances and likely consequences" of his plea. *Bradshaw*, 545 U.S. at 183. Petitioner's plea agreement also stated he understood the terms of the plea agreement, that his attorney has explained the legal effects of the agreement, and he was not coerced or misled into making the plea.

Nevertheless, Petitioner argues that counsel was deficient for failing to inform him that the terms of the plea agreement had been altered. The state habeas trial court expressly found as a matter of fact, however, that counsel reviewed the plea paperwork with Petitioner and that Petitioner accepted the ten-year plea agreement. (ECF No. 9-10 at 61-65). This factual finding was fully supported by the affidavit of Petitioner's trial counsel, David Andre Woodard, which was presented to the state habeas trial court during Petitioner's state habeas corpus proceeding. The state habeas trial court then concluded that counsel's performance was neither deficient nor affected the outcome of the proceedings. *Id*. The TCCA ultimately rejected Petitioner's state habeas corpus application on the merits without written order based on the trial court's findings. (ECF No. 9-5).

Petitioner failed to furnish this Court with any evidence, much less any clear and convincing evidence, showing the state habeas court's findings on this subject were incorrect. *See Matamoras v. Stephens*, 783 F.3d 212, 216 (5th Cir. 2015) (recognizing the presumption of correctness afforded a state habeas court's factual findings applies absent clear and convincing

9

evidence to the contrary); *Ward v. Stephens*, 777 F.3d 250, 268 (5th Cir. 2015) (same). Moreover, Petitioner's conclusory and unsupported allegations that counsel "misled" him into pleading guilty are not enough to establish deficient performance under *Strickland*. *See United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.") (quoting *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)). Therefore, Petitioner fails to establish that his guilty plea was involuntary due to any alleged deficiencies in counsel's performance.

Regardless, even assuming counsel was deficient, Petitioner still cannot show he would not have accepted the current plea and would have instead insisted on going to trial but for counsel's error. *Armstead*, 37 F.3d at 206. Again, such an assessment will turn partially on "a prediction of what the outcome of a trial might have been." *Id*. The record is silent as to whether Petitioner would have made the decision to plead not guilty and go to trial had counsel informed Petitioner of the minor change in the plea agreement. In signing the waiver and stipulations of the trial court, however, the record does indicate that counsel fully explained his rights and the plea agreement to Petitioner, that Petitioner understood the plea was for a second-degree felony with the possible sentence of up to twenty years of imprisonment, and that Petitioner admitted he committed the offense and agreed with the State's punishment recommendation of ten years. Thus, based on the record before the Court, it appears unlikely Petitioner would have chosen to go to trial.

In light of the record evidence supporting the voluntariness of his guilty plea, in addition to the fact Petitioner failed to prove counsel's performance was deficient or his plea was involuntary due to ineffective assistance of counsel, this Court must find Petitioner entered into his plea voluntarily, knowingly, and intelligently. Moreover, Petitioner completely failed to

prove that, but for his attorney's actions, he would have chosen to proceed to trial. Petitioner has therefore failed to establish a valid ineffective-assistance claim. *Hill*, 474 U.S. at 58. Accordingly, federal habeas relief must be denied because Petitioner fails to meet his burden of proof under the AEDPA. 28 U.S.C. § 2254(d).

## IV. <u>Certificate of Appealability</u>

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## V. <u>Conclusion and Order</u>

Petitioner has failed to establish that the state court's rejection of the aforementioned claim on the merits during his state habeas proceedings was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court

of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented during Petitioner's state trial and habeas corpus proceedings. Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and Petitioner Victor J. Cruz Torres's § 2254 petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the ___4th___ day of March, 2021.

**ORLANDO L. GARCIA**
**Chief United States District Judge**